IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEILA D. NEWKIRK-SQUIRE, | : | |
| Plaintiff, | : | |
| v. | : | CIV. NO. 08-853 |
| | : | |
| SCHOOL DISTRICT OF LANCASTER, | : | |
| Defendant. | : | |

**Diamond, J.**                                                                                          **October 2, 2008**

## MEMORANDUM

Sheila D. Newkirk-Squire charges that the School District of Lancaster violated her civil rights when it forced her to resign as principal of an alternative school. 42 U.S.C. § 1981. The District has moved to dismiss, arguing that Plaintiff has failed to exhaust her administrative remedies. Fed. R. Civ. P. 12(b)(1), (6). Because § 1981 does not require administrative exhaustion, and because administrative remedies were, in any event, unavailable to Plaintiff, I will deny the District's Motion.

## BACKGROUND

Ms. Newkirk, an African-American female, became principal of the Buehrle Alternative School on August 23, 2004. Compl. ¶ 3 (Doc. No. 1.) On September 11, 2006, J. Drue Miles, the Assistant Superintendent of Student Services, placed Plaintiff on a "Performance Improvement Plan," which set out "directives and benchmarks" for Plaintiff to accomplish by December 1, 2006. Id. ¶ 9. On January 3, 2007, Miles informed Plaintiff that because she had failed to meet the PIP objectives, she had the option of resigning or being terminated. Id. ¶ 10-11. Miles also threatened that if Plaintiff refused to resign, the District would initiate formal proceedings against her under the Pennsylvania School Code for persistent negligence and willful

neglect of duty.  Id. ¶ 11.  Plaintiff chose to resign effective February 19, 2007.  Id. ¶ 13.

Plaintiff filed her Complaint on February 21, 2008, alleging racial discrimination and constructive discharge in violation of 42 U.S.C. § 1981.  (Doc. No. 1.)  Defendant has moved to dismiss, arguing that Plaintiff's failure to exhaust her administrative remedies under the Public School Code divests the Court of subject matter jurisdiction and otherwise renders Plaintiff's claim non-cognizable.  (Doc. No. 8.)

## LEGAL STANDARDS

In deciding a motion to dismiss for lack of subject matter jurisdiction, I must accept the Complaint's factual allegations as true and ensure that the Complaint contains necessary jurisdictional elements.  Fed. R. Civ. P. 12(b)(1); Turicento, S.A. v. Am. Airlines Inc., 303 F.3d 293, 300 n. 4 (3d Cir. 2002).  In conducting this review, I am not obligated to make inferences favorable to the plaintiff.  Halstead v. Motorcycle Safety Found., Inc., 71 F. Supp. 2d 464, 468 (E.D. Pa. 1999).  Rather, the plaintiff must establish jurisdiction.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

In deciding a motion to dismiss for failure to state a claim upon which relief may be granted, I must accept as true the factual allegations in the Complaint and make all reasonable inferences in the plaintiff's favor.  Fed. R. Civ. P. 12(b)(6); In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002).  The burden is on the moving party to show that the plaintiff has failed to allege facts sufficiently detailed to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65, 1974 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  A plaintiff must "state a claim to relief that is plausible on its face."  Phillips, 515 F.3d at 234.  "The inquiry is not whether plaintiffs

will ultimately prevail on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller, 311 F.3d at 215.

## DISCUSSION

The Pennsylvania Public School Code requires a public hearing before a professional employee is "dismissed by the board of school directors." 24 P.S. § 11-1127; see also id. § 11-1101(1) (defining "professional employee" to include school principals). Following the hearing, the employee may appeal his or her dismissal to the Superintendent of Schools. Id. § 11-1131. Defendant contends that Plaintiff was required to pursue these remedies before bringing her § 1981 claim. I do not agree.

Unlike Title VII, § 1981 does not require administrative exhaustion. See Cheyney State Coll. Faculty v. Hufstedler, 703 F.2d 732, 737 (3d Cir. 1983); see also Fortes v. Boyertown Area Sch. Dist., No. 06-878, 2006 WL 3043108, at *5 n.12 (E.D. Pa. Oct. 20, 2006). Plaintiff is thus entitled to initiate her § 1981 claim in this Court.

In any event, the School Code's administrative process was not available to Plaintiff because she resigned to avoid termination. 24 P.S. § 11-1127; see also Arnold v. Pittsburgh Bd. of Pub. Ed., 415 A.2d 985 (Pa. Commw. Ct. 1980) (administrative appeal under the Public School Code was not available to professional employee who, after being given the option of resigning or being terminated, chose to resign and then alleged that she had been effectively discharged). Indeed, Plaintiff alleges that she resigned at the District's urging to avoid the administrative process the District now argues Plaintiff was obligated to pursue. Accordingly, even if § 1981 included an administrative exhaustion requirement, it did not apply to Plaintiff.

In these circumstances, Defendant's Motion to Dismiss is denied.  An appropriate Order follows.

                                                        s/ Paul S. Diamond

                                                    _____

                                                    **Paul S. Diamond, J.**